UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

State Farm Mutual Automobile
Insurance Company and
State Farm Fire and Casualty
Company,

        Plaintiffs,

v.

Lake Street Chiropractic Clinic, P.A.,
Restore Chiropractic Clinic, P.A.,
Renew Chiropractic Clinic, P.A.,
Great Lakes MRI, P.A., Midwest
Pain Relief, P.A., and Joshua Anderson,

        Defendants.

Case No. 16-cv-4017 (PAM/BRT)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendants' Motion to Dismiss. For the following reasons, the Motion is denied.

## BACKGROUND

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively "State Farm") provide insurance coverage to car accident victims for reasonable and necessary medical expenses, including chiropractic care. (Compl. (Docket No. 1) ¶¶ 30-32; see also Minn. Stat. § 65B.44, subd. 1.) Defendants Lake Street Chiropractic Clinic, P.A., Restore Chiropractic Clinic, P.A., Renew Chiropractic Clinic, P.A., Midwest Pain Relief, P.A., and Great Lakes MRI, P.A., along with their owner or CEO Defendant Joshua Anderson, evaluate and treat

individuals who have been in car accidents and complain of neck and back pain. (Id. ¶¶ 29, 33.) Defendants received payments from State Farm for the chiropractic and medical care that they provided to at least 216 of State Farm's insureds who were involved in car accidents. (Id. ¶¶ 2, 15, 67.) According to State Farm, Defendants engaged in a fraudulent scheme related to the treatment of those patients. (Id. ¶ 3.)

State Farm alleges that, from July 24, 2012, through the present, Defendants' chiropractors provided unnecessary chiropractic care including adjustments and modalities that were not tailored to or designed to benefit the individual patient's unique needs. (Id. ¶¶ 1, 3.) Instead, Defendants used a "predetermined protocol" for diagnosing and treating patients that provided the same type of care to "virtually every patient" regardless of the patient's "age history, nature of the accident, nature of the injuries or present complaints." (Id. ¶¶ 2, 4, 91.) Defendants then billed State Farm for these medically unnecessary adjustments and modalities. (Id. ¶ 4.) Defendants also billed State Farm for chiropractic care that Defendants did not provide to their patients. (Id. ¶¶ 10, 49, 65.) For example, one patient only saw two chiropractors during treatment at Restore Chiropractic, neither of whom was Defendant Anderson, but Anderson billed State Farm for numerous visits with this patient. (Id. ¶ 65.) Moreover, that same patient's neck problems also resolved within two to three weeks after the accident, but Defendants' chiropractic records indicate that the patient had constant neck pain three months after the accident and occasional neck pain thereafter. (Id.)

State Farm also alleges that Lake Street Chiropractic, Restore Chiropractic, and Renew Chiropractic unnecessarily referred patients for consultations at Midwest Pain

Relief and for MRI scans at Great Lakes MRI. (Id. ¶¶ 12, 50.) Midwest Pain Relief and Great Lakes MRI would then refer patients back to Lake Street Chiropractic, Restore Chiropractic, and Renew Chiropractic for unnecessary ongoing treatment—all while billing State Farm for the treatments. (Id. ¶¶ 13, 54.) In addition to these improper referrals, Midwest Pain Relief's doctors also inappropriately diagnosed patients with depression and, with at least one patient, prescribed antidepressants without advising the patient of a depression diagnosis. (Id. ¶¶ 55, 65.)

As a result of this allegedly fraudulent scheme, State Farm Auto paid Lake Street Chiropractic and Restore Chiropractic $326,651.59, Renew Chiropractic $159,826.93, Midwest Pain Relief $71,225.15, and Great Lakes MRI $79,712.48. State Farm Fire paid Lake Street Chiropractic and Restore Chiropractic $42,191.77, Renew Chiropractic $20,647.00, Midwest Pain Relief $12,360.57, and Great Lakes MRI $3,838.20. In total, State Farm collectively paid Defendants at least $716,453.69. (Id. ¶¶ 15, 72.)

State Farm Auto also has outstanding bills with Lake Street Chiropractic and Restore Chiropractic for $214,062.75, Renew Chiropractic for $127,670.28, Midwest Pain Relief for $50,118.00, and Great Lakes MRI for $63,181.00. State Farm Fire has outstanding bills with Lake Street Chiropractic and Restore Chiropractic for $33,552.50, Renew Chiropractic for $70,463.50, Midwest Pain Relief for $4,757.00, and Great Lakes MRI for $24,867.60. State Farm's outstanding bills total $588,672.63. (Id. ¶¶ 16, 72.)

On November 29, 2016, State Farm filed this lawsuit claiming fraud and unjust enrichment. State Farm seeks damages equal to the amount that State Farm paid Defendants for the allegedly unnecessary care, and also seek a judgment declaring that

3

State Farm is not required to pay Defendants' outstanding bills. On December 20, 2016, Defendants filed this Motion to Dismiss and argue that the Court lacks subject matter jurisdiction and that State Farm fails to meet Rule 9(b)'s heightened pleading standard for fraud claims.

**DISCUSSION**

**A.     Subject Matter Jurisdiction**

District courts have original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). The parties do not dispute that complete diversity exists here. The issue is whether State Farm meets § 1332's amount-in-controversy requirement.

The party invoking subject matter jurisdiction in a diversity case has the burden of proving that the amount in controversy exceeds the jurisdictional minimum. Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). State Farm first argues that the Court should aggregate all alleged damages because Defendants qualify as a joint enterprise and are therefore jointly and severally liable for State Farm's damages. (Compl. ¶ 1.) To establish a joint enterprise under Minnesota law, "two elements must be present: (1) a mutual understanding for a common purpose, and (2) a right to voice in the direction and control of the means used to carry out the common purpose." Delgado v. Lohmar, 289 N.W.2d 479, 482 (Minn. 1979) (citation omitted). Taking State Farm's allegations as true, Defendants had a common purpose to fraudulently diagnose their patients, provide medically unnecessary treatment, and needlessly refer patients. Defendants also had a

4

mutual understanding and a right to voice in the direction and control of that common purpose because Anderson controls all the Defendant entities.  Defendants may therefore qualify as a joint enterprise and be jointly and severally liable for all of State Farm's damages.  Because State Farm's total damages far exceed the amount-in-controversy requirement, the Court has subject matter jurisdiction.

And even if State Farm failed to allege sufficient facts to qualify Defendants as a joint enterprise, the Court still has subject matter jurisdiction because State Farm Auto meets the amount-in-controversy requirement and supplemental jurisdiction applies to State Farm Fire's claims.  Where there is complete diversity and at least one plaintiff satisfies the amount-in-controversy requirement, 28 U.S.C. § 1367 authorizes supplemental jurisdiction over the claims of other plaintiffs even if those claims are for less than $75,000.  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 549 (2005).  State Farm Auto alleges that Lake Street Chiropractic, Restore Chiropractic, Renew Chiropractic, and Great Lakes MRI are each liable for damages that exceed $75,000.  State Farm Auto also alleges that Midwest Pain Relief is liable for $71,225.15 in damages and seeks a declaratory judgment for outstanding bills in the amount of $50,118.00.  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Alpine Glass, Inc. v. State Farm Fire & Cas. Co., No. 12cv2867, 2013 WL 2434942, at *3 (D. Minn. June 4, 2013) (Tunheim, J.) (citing Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)).  The value of a judgment declaring State Farm Auto is not required to pay Midwest Pain Relief's outstanding bill is $50,118.00.  By adding

5

that amount with the amount of alleged damages, State Farm Auto satisfies the amount-in-controversy requirement for each Defendant.  Because State Farm Auto satisfies the amount-in-controversy requirement, the Court has supplemental jurisdiction over State Farm Fire's claims regardless of whether it satisfies the jurisdictional requirement.  The Court therefore has subject matter jurisdiction.

**B.     Rule 9(b)**

To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6).  A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  When evaluating a motion to dismiss, the Court must accept factual allegations as true, Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012), but it need not give effect to those that simply assert legal conclusions, McAdams v. McCord, 584 F.3d 1111, 1113 (8th Cir. 2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim.  Iqbal, 556 U.S. at 678.

In addition, a complaint that asserts a fraud claim must plead "with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  "The level of particularity required depends on . . . the nature of the case and the relationship between the parties."  BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) (citation omitted).  A fraud claim is pleaded with particularity when it alleges "such facts as the

6

time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." Liberty Mut. Fire Ins. Co. v. Acute Care Chiropractic Clinic P.A., 88 F. Supp. 3d 985, 997 (D. Minn. 2015) (citing United States ex rel. Thayer v. Planned Parenthood of the Heartland, 765 F.3d 914, 916 (8th Cir. 2014)). In other words, the complaint must plead the "who, what, where, when, and how" of the alleged fraud. U.S. ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006). But "[w]here a plaintiff alleges a systematic practice of the submission of fraudulent claims over an extended period of time, the plaintiff need not allege the specific details of every fraudulent claim." Allstate Ins. Co. v. Linea Latina De Accidentes, Inc., 781 F. Supp. 2d 837, 846 (D. Minn. 2011) (citing Joshi, 441 F.3d at 557 (8th Cir. 2006).

State Farm provides sufficient detail about the who, what, when, where, and how of Defendants' alleged scheme to assert a fraud claim. State Farm sufficiently pled the "who" by identifying each Defendant entity, alleging that their chiropractors, physicians, or owner provided unnecessary treatment and submitted fraudulent bills, and listing by claim number the 216 patients that allegedly received the unnecessary treatment. State Farm sufficiently pled the "what" by describing the allegedly fraudulent scheme that involved diagnosing patients using a predetermined protocol, providing unnecessary treatment, referring patients for unnecessary exams, and submitting bills to State Farm for that work. State Farm sufficiently pled the "when" by alleging that this scheme began on July 24, 2012, and continues through today. State Farm's Complaint also includes multiple spreadsheets that identify each patient's claim number and lists the date of loss.

(Compl. (Docket No. 1-1) Exs. A-F.)  State Farm sufficiently pled the "where" because those same spreadsheets also list which Defendant entity is responsible for treating each specific patient, thereby specifying where each specific fraudulent claim originated. Finally, State Farm sufficiently pled the "how" by explaining that Defendants intentionally misrepresented that they provided medically necessary treatment by deliberately submitting false CMS 1500 Forms.  (Compl. Ex. G.)  By pleading the who, what, when, where, and how of Defendants' alleged scheme, State Farm's fraud claim meets Rule 9(b)'s heightened pleading standard.

**CONCLUSION**

The Court has subject matter jurisdiction and State Farm meets Rule 9(b)'s pleading requirements.  Accordingly, **IT IS HEREBY ORDERED that** Defendants' Motion to Dismiss is **DENIED**.

Dated:  March 14, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge